UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Brian Eitel, | |
| Petitioner, | No. 13–CV–03–ABJ |
| v. | No. 11–CR–06–ABJ |
| United States of America, | |
| Respondent. | |

## OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Brian Eitel was convicted of possessing child pornography and sentenced to 51 months in prison and 20 years of supervised release. He has now filed a motion under 28 U.S.C. § 2255 asking the Court to vacate, set aside, or correct his sentence. His claims rest primarily on allegations of ineffective assistance of counsel in violation of the Sixth Amendment. The Government contends that none of Mr. Eitel's claims has merit. Because the Court agrees with the Government, it DENIES Mr. Eitel's motion.

## FACTS

A few years ago, a special agent with the Wyoming Division of Criminal Investigation (DCI) discovered a computer in Riverton, Wyoming, offering Internet downloads of images and movie files containing child pornography. The agent was able to download and view one of those movie files, which consisted of a man sexually assaulting a five-to-eight-year-old prepubescent girl.

Armed with that evidence, the agent got a search warrant for the residence associated with the computer. The residence was occupied by Brian Eitel, who was at home when DCI agents executed the search warrant. After being read his *Miranda* rights, Mr. Eitel admitted to using his computer to download child pornography from the Internet. A grand jury then indicted Mr. Eitel for violating 18 U.S.C. § 2252A(a)(5)(B), which makes it a crime for a person to knowingly possess any computer disk containing an image of child pornography that has been transported using any means or facility of interstate commerce. Mr. Eitel pleaded guilty to that charge.

After accepting Mr. Eitel's guilty plea, the trial court ordered a probation officer to prepare a presentence investigation report under the United States Sentencing Guidelines Manual (Guidelines). The report applied a two-level sentence enhancement to Mr. Eitel because the images on his computer involved prepubescent minors under the age of 12. It also applied a four-level enhancement because the images depicted sadistic conduct and a two-level enhancement for Mr. Eitel's use of a computer. Notably, the report did not apply a two-level enhancement for distribution of child pornography. Based on its Guidelines calculation, the report recommended 78 to 97 months in prison and a lifetime of supervised release.

In addition to the presentence report, before the sentencing hearing the trial court also received a report from Dr. Charles Denison, who had conducted a forensic evaluation of Mr. Eitel. In his report, Dr. Denison reached several conclusions favorable to Mr. Eitel:

- Mr. Eitel presents a low risk to commit any kind of hands-on or personal contact sexual crime.

- Mr. Eitel presents a low risk for re-offense of Internet-related sex crimes.

- Mr. Eitel does not suffer from pedophilia.

- Mr. Eitel's psychological and moral development is not impaired.

- There is no evidence that Mr. Eitel is a threat to the safety of his community.

At sentencing, the trial court concluded that the presentence report had accurately calculated Mr. Eitel's advisory sentencing range under the Guidelines. It also noted that it had received and reviewed Dr. Denison's report. It then heard live testimony from Dr. Denison, who testified favorably for Mr. Eitel. After listening to that testimony, the trial court considered how the various sentencing factors under 18 U.S.C. § 3553(a) applied in Mr. Eitel's case. Based on Dr. Denison's report, his live testimony, and the § 3553(a) factors, the trial court granted Mr. Eitel a substantial downward variance and sentenced him to 51 months in prison and 20 years of supervised release.

Mr. Eitel has now filed a motion under 28 U.S.C. § 2255 challenging both his conviction and sentence. His claims rest primarily on allegations of ineffective assistance of counsel in violation of the Sixth Amendment. The Gov-

ernment contends that none of Mr. Eitel's claims has merit.

The Court will discuss each of Mr. Eitel's claims in turn before briefly concluding.

## DISCUSSION

Because most of Mr. Eitel's claims allege ineffective assistance of counsel, a review of the legal principles governing ineffective-assistance claims is warranted.

In *Strickland v. Washington*, the Supreme Court announced a two-part test that governs ineffective-assistance-of-counsel claims. 466 U.S. 668, 687 (1984). First, "[a] petitioner must show that counsel's performance was deficient." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Second, a petitioner must show that counsel's deficiency "prejudiced the defense." *Id.*

"To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks omitted); *see Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). A petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish *Strickland*'s prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

With these principles in mind, the Court considers their application to Mr. Eitel's claims.

1. Ineffective assistance for advising Mr. Eitel to plead guilty to a crime without first informing him of an element of that crime.

Mr. Eitel's first ineffective-assistance claim starts with the following premise: If a defense attorney advises a client to plead guilty without first informing the client of an element of the crime, defense counsel renders deficient performance under *Strickland*. Mr. Eitel asserts that one element of a § 2252A(a)(5)(B) charge is that the images of child pornography must have crossed state lines. He further asserts that defense counsel advised him to plead guilty to violating § 2252A(a)(5)(B) without first informing him of that element. By failing to do so, Mr. Eitel contends defense counsel rendered deficient performance. And, Mr. Eitel continues, that deficiency prejudiced him. Had he known about that element, Mr. Eitel says he wouldn't have pleaded guilty. Instead, he would have insisted on going to trial based on his belief that the Government had no evidence that the images on his computer crossed state lines.

Mr. Eitel's claim falters on his assertion that § 2252A(a)(5)(B) requires the Government to prove the pornographic images crossed state lines. The Tenth Circuit has stated that the version of § 2252A in effect at the time of Mr. Eitel's conduct in fact doesn't require proof that the images crossed state lines—rather, the Government may establish § 2252A's interstate commerce element by proof that the defendant used the Internet to download images of child pornography. *See United States v. Swenson*, 335 F. App'x 751, 753 (10th Cir. 2009). Because Tenth Circuit precedent thus establishes that the

Government need not prove the images of child pornography crossed state lines, defense counsel was not ineffective for failing to inform Mr. Eitel of that nonexistent element before advising him to plead guilty. Mr. Eitel's first claim therefore fails on *Strickland*'s performance component.

2. Ineffective assistance for failing to object to two-level enhancement for possessing pornographic material involving a prepubescent minor or child under the age of twelve.

Mr. Eitel's second claim is that defense counsel was ineffective for failing to object to a two-level sentencing enhancement under § 2G2.2(b)(2) of the Guidelines. That provision applies a two-level enhancement "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12." U.S. Sentencing Guidelines Manual § 2G2.2(b)(2) (2011).

Mr. Eitel contends this enhancement was inappropriately applied to him for two reasons. First, there was no expert testimony that any of the images on his computer involved a child under the age of 12. And second, the Government offered no evidence to that effect. Therefore, according to Mr. Eitel, because § 2G2.2(b)(2) was inapplicable, defense counsel was ineffective for failing to object.

The Court rejects that contention. At the outset, Mr. Eitel is wrong to argue that § 2G2.2(b)(2) is inapplicable unless expert testimony establishes that the images in question depict prepubescent children or children under 12. *See United States v. Kimler*, 335 F.3d 1132, 1144 (10th Cir. 2003). Further, Mr. Eitel doesn't even allege that defense counsel's failure to object prejudiced him. Nor does he offer any evidence showing there's a reasonable probability that, but for defense counsel's failure, the court would not

have applied the enhancement. Mr. Eitel's second claim therefore fails on *Strickland*'s prejudice component. *Cf. Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (rejecting the petitioner's *Strickland* claim where the petitioner failed to allege prejudice).

3. Ineffective assistance for failing to object to two-level enhancement for distribution of child pornography.

Mr. Eitel's third claim is that defense counsel was ineffective for failing to object to a two-level enhancement under § 2G2.2(b)(3)(F) of the Guidelines. This claim suffers from a simple but fatal defect: At the sentencing hearing, the trial court adopted the presentence report's guidelines calculation, which did *not* include a distribution enhancement. The Court can hardly fault defense counsel for not objecting to an enhancement that wasn't even applied to Mr. Eitel. His third claim fails on *Strickland*'s performance component.

4. Ineffective assistance for failing to object to four-level enhancement for sadistic images.

Mr. Eitel's fourth claim is that defense counsel was ineffective for failing to object to a four-level enhancement under § 2G2.2(b)(4) of the Guidelines. That enhancement applies if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. Mr. Eitel contends that the enhancement impermissibly double counts conduct already covered by the base offense level of the applicable guideline. Mr. Eitel believes defense counsel was ineffective for failing to make that argument.

It's well settled that if an argument is meritless, defense counsel is not ineffective for failing to make it. *See Sperry*

v. *McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (holding that counsel was not ineffective for failing to assert a meritless argument at trial); *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("[I]f the issue is meritless, its omission will not constitute deficient performance."). Here, Mr. Eitel's double-counting argument is meritless because it's foreclosed by precedent. *See, e.g., United States v. Rodgers*, 610 F.3d 975, 978–79 (7th Cir. 2010) (rejecting this same double-counting argument); *United States v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000) ("This argument is easily debunked because it obviously ignores that child pornography may involve merely pictures of a naked child . . . without physical sexual contact." (internal quotation marks omitted)). Because Mr. Eitel's double-counting argument is meritless, defense counsel was not ineffective for failing to make it. Mr. Eitel's fourth claim therefore fails on *Strickland*'s performance component.

5. Ineffective assistance for failing to object to two-level enhancement for use of a computer.

Mr. Eitel's fifth claim is that defense counsel was ineffective for failing to object to a two-level enhancement under § 2G2.2(b)(6) of the Guidelines. That enhancement applies if the offense involved the use of a computer. Similar to his previous argument, Mr. Eitel argues that this enhancement impermissibly double counts conduct already covered by the base offense level. That argument is meritless because the Tenth Circuit has squarely rejected it. *See United States v. Miller*, 318 F. App'x 701, 702–03 (10th Cir. 2009) (concluding that two-level enhancement for computer use does not constitute impermissible double counting). Because the argument is meritless, defense counsel was not ineffective failing to make it. Mr. Eitel's fifth claim therefore fails on *Strickland*'s performance component.

6. Ineffective assistance for failing to object to 20 years of
   supervised release.

Mr. Eitel's final ineffective-assistance claim is that de-
fense counsel was ineffective for failing to object when the
court imposed 20 years of supervised release. Defense
counsel should have objected, Mr. Eitel contends, because
that length of supervision is substantively unreasonable.
Unreasonable, says Mr. Eitel, in light of mitigating fac-
tors in Dr. Denison's report and testimony.

Mr. Eitel faces an uphill battle in convincing this Court
that 20 years of supervised release is substantively un-
reasonable. That's because "a district court's sentence is
substantively unreasonable only if it is arbitrary, capri-
cious, whimsical, or manifestly unreasonable." *United
States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (in-
ternal quotation marks omitted); *see Gall v. United
States*, 552 U.S. 38, 41 (2007).

Mr. Eitel has failed to demonstrate that his sentence was
arbitrary or manifestly unreasonable. The record shows
the trial court carefully considered both Dr. Denison's re-
port and his live testimony when arriving at Mr. Eitel's
sentence. *See, e.g.*, Sentencing Tr. 7:12–8:1, 27:14–30:13,
ECF No. 39. It also shows the trial court thoroughly con-
sidered the § 3553(a) factors when sentencing Mr. Eitel.
*See id.* at 27:13–33:16. Indeed, the trial court granted Mr.
Eitel a downward variance based on Dr. Denison's find-
ings and the § 3553(a) factors. The record thus shows the
trial court made a reasoned and reasonable decision that,
under the totality of the circumstances, 20 years of super-
vised release was justified. Based on the record then, this
Court cannot say that the trial court's decision was arbi-
trary, manifestly unreasonable, or an abuse of discretion.
What it can say is that any objection to that effect would
have been meritless, that defense counsel was not ineffec-

tive for failing to raise such an objection, and that Mr. Ei-
tel's final ineffectiveness claim therefore fails on *Strick-
land*'s performance component.

### 7. Mr. Eitel's remaining claims.

Mr. Eitel's remaining claims merely rehash his ineffec-
tiveness claims addressed above—but instead of couching
his arguments in terms of ineffective assistance, he pre-
sents them as stand-alone claims. Specifically, he argues:
(1) there was insufficient evidence that the images of child
pornography on his computer travelled across state lines;
(2) the two-level enhancement for images involving a pre-
pubescent minor or child under the age of 12 was improp-
er; (3) the two-level enhancement for distribution was im-
proper; (4) the four-level enhancement for sadistic images
was improper; (5) the two-level enhancement for use of a
computer was improper; and (6) the 20 years of super-
vised release was substantively unreasonable. The Court's
prior analysis demonstrates that none of those arguments
has merit.

### 8. Evidentiary hearing.

Section 2255 provides that a district court should hold an
evidentiary hearing on a § 2255 motion "[u]nless the mo-
tion and the files and records of the case conclusively
show that the prisoner is entitled to no relief." 28 U.S.C.
§ 2255(b). Here, the Court concludes that Mr. Eitel's mo-
tion and the record and files of this case conclusively show
he's not entitled to relief. The Court thus denies him an
evidentiary hearing. *See United States v. Marr*, 856 F.2d
1471, 1472 (10th Cir. 1988) (holding that no evidentiary
hearing is required if the record conclusively shows that
the petitioner is not entitled to relief).

## 9. Certificate of appealability.

The rules governing § 2255 proceedings state, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Here, because reasonable jurists could not debate the correctness of the Court's disposition, the Court denies Mr. Eitel a certificate of appealability.

## CONCLUSION

All of Mr. Eitel's ineffective-assistance-of-counsel claims lack merit. And his other claims are simply his ineffective-assistance claims stripped of their ineffective-assistance clothing. The Court therefore DENIES Mr. Eitel's § 2255 motion, DENIES an evidentiary hearing, and DENIES a certificate of appealability.

Dated this ___27ᵗʰ___ day of August, 2013.

Alan B. Johnson
United States District Judge